EASTERN DIST.
June, 1838.

FULTON CO.
*vs.*
WRIGHT ET AL.

Where a case turns mainly on questions of fact, and the court is unable to pronounce finally on some one of the pleas, it will be remanded for a new trial.

*Bullard, J.*, delivered the opinion of the court.

This is an action upon a contract for hauling out, caulking, and launching a steam-boat, and an account for extra work done in more extensive repairs. The plaintiff sues for a balance which he alleges to be due to him. The court below gave judgment for the defendant. The case turns on questions of fact, and it appears to us, there is yet a balance due to the plaintiff according to a fair construction of the contract, for work done under the direction of the captain, and with the consent of the owner. But we are unable to pronounce finally, particularly on the plea of reconvention for damages occasioned by delay in finishing the work. Justice, in our opinion, requires that the case should be remanded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and that the case be remanded for a new trial, and that the appellees pay the costs of the appeal.

---

## FULTON COMPANY *vs.* WRIGHT ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a bill of exchange is not presented for acceptance, nor for payment, until two days after the expiration of the last day of grace, the drawer is *released*, unless the holder shows that the drawee had no funds of the drawer in his hands.

The drawer of a bill is presumed to have funds in the hands of the drawee, and has a right to require that the payee should present it for payment on the last day of grace, and on failure of payment, to have it protested and legal notice given.

Where the vendors of a steam-boat take a bill of exchange for the price, reserving a privilege and mortgage on the boat, to secure payment, and the bill is not paid by the neglect of the holders to use legal diligence, the mortgage which is but an accessory to the debt, is extinguished with it.

This is an action on a bill of exchange. The plaintiffs, who state they are an incorporated company by a law of the state of Indiana, allege that they sold the steam-boat Baltic, to the defendants, for the sum of eighteen thousand seven hundred and forty-two dollars ; that in part payment of the price, the defendant, Wright, drew a bill of exchange for four thousand six hundred and thirty-five dollars, on his co-partner, Herring, residing at Natchez, dated the 25th day of October, 1836, and payable sixty days after date ; that to secure payment of this and other drafts given for the price, the boat was hypothecated. They further show, that this draft remains unpaid, and pray that the boat be sequestered, and that they have judgment to be paid from the proceeds of the sale thereof.

A general denial was pleaded. Several other claimants intervened against the boat.

The bill of exchange was duly protested for non-payment, on the last day of grace.

On the trial, the plaintiffs offered in evidence, the bill of exchange sued on, and protest, which were objected to by the defendant's and intervenor's counsel, on the ground that there was no allegation in the plaintiff's petition, under which either of said documents could be admitted, and the court sustained the objection and would not suffer either to be read, whereupon the plaintiff's counsel excepted.

The facts of the case, so far as the plaintiffs are concerned, are fully and correctly stated in the following part of the judgment, rendered by the district judge :

"It appears, that the Fulton Company, incorporated by the state of Indiana, on the 25th of October, 1836, sold to Wright & Herring the steam-boat Baltic, for the sum of eighteen thousand seven hundred and forty-two dollars and fifty cents.

"To pay this sum, Wright drew upon Herring, at Natchez, for four thousand six hundred and thirty-five dollars, at sixty

days date, which draft was delivered to the plaintiffs; other drafts were also given at longer dates. To secure the payment of these drafts an hypothecation was given on the steam-boat, and other arrangements were contemplated. This hypothecation is referred to in the act of sale.

"Suit is brought by the Fulton Company, and the boat was sequestered, and the material allegations of the petition are as follows: after setting out the sale for the sum of eighteen thousand seven hundred and forty-two dollars and fifty cents, the petition states; ' and as an evidence of the debt thus contracted with your petitioner, the said Wright drew his certain bill of exchange upon said Herring, payable sixty days after date, for the sum of four thousand six hundred and thirty-five dollars, payable at Natchez, and delivered the same to your petitioner; and also drew upon said Herring other drafts, payable hereafter in the city of Philadelphia; and to secure the payment of said first draft and the due acceptance thereof, there was in the said act of sale an hypothecation of said steam-boat Baltic, her tackle and furniture, to your petitioners: they represent that said first mentioned bill has neither been accepted or paid; that the said boat, furniture and tackle remain in the hands and possession of said defendants; that your petitioners have a specific lien for the payment of the said sum of four thousand six hundred and thirty-five dollars, etc., etc.'.

"To this petition there is an answer of general denial made by an attorney appointed by the court for the absent defendants.

On the trial, the counsel for the Fulton Company, offered in evidence:

"1. A copy of the act of sale and hypothecation, certified to be a copy by the surveyor of the port of Louisville.

"2. The bill of exchange and protest were next offered by plaintiffs' counsel. To the bill of exchange, if proved, there could be no objection. The protest stands on other grounds. The introduction of it was objected to, because the petition contains no allegation that it was protested. The allegations of the petition are out of the usual form. In the petition it is

EASTERN DIST.
June, 1838.

FULTON CO.
vs.
WRIGHT ET AL.

said, this bill of exchange was given *as an evidence of debt ;* but elsewhere it is said that *to secure the payment* of said first draft and the *due acceptance thereof,* there was in said act of sale an hypothecation, etc.

"Every draft, or bill of exchange, or promissory note and endorsement, is an evidence of a debt ; but if a party accepts such evidences of debt as a medium of payment, he must deal with them in the manner which the law requires, in order to fix a debt on the drawer of a bill of exchange.

"It is true, that Wright and Herring figure as *partners* in the *purchase* of the boat, but Wright *alone* signs the act of sale, etc., for himself and Herring.

"It is no where shown that he gave his assent to this purchase, nor that they are general partners. Even if Herring had given his assent to the purchase and the parties had taken this mode of payment, it appears to me, that to fix any liability on Wright, or even on Herring, but certainly as to Wright, there ought to be an allegation that the draft was presented for acceptance or payment and protested, and due notice thereof given to Wright; these allegations and proofs might be dispensed with, if there had been special allegations, funds, fraud, etc.

"But without one or the other, it does not appear to me how the plaintiffs can recover."

Judgment of non-suit was rendered against the plaintiffs.

From this judgment, after an unsuccessful attempt to obtain a new trial, the plaintiffs appealed ; and also from the judgments of the intervening claimants on the proceeds of the boat.

*Chinn* and *Robinson,* for the plaintiffs.

1. The inferior judge seems to have taken it for granted, that the suit could not be maintained upon any stipulations contained in the mortgage ; and there could be no right of recovery, except that, depending upon the implied undertaking of the drawer, to pay the bill upon its dishonor, and the exercise of diligence by the holder. Confining his sense and learning to the general rule of law, if the debt is extin-

guished, the mortgage security cannot subsist, or if the parties be discharged from liability for the debt, the mortgage is null, he seems to have been led into a gross error.

2. This suit was not brought upon the bill of exchange, but upon the express stipulations in the mortgage, that the bills should be accepted and paid.

The parties were *quo ad* the transaction partners, and in fact were both bound as drawers and acceptors of the bill. It manifestly appears that the form of a bill of exchange, was only adopted for the convenience of negotiation. The mortgage and bill with the protest, were sufficient evidences of a subsisting debt, and the court should not have non-suited the plaintiffs.

3. In the case of Howard *vs.* Thomas, 3 Louisiana Reports, 112, this court sustained a proceeding upon the vendor's lien, although diligence was not shown by the holder of a bill that had been given for the purchase. It was not relied upon by the answer in that case, or in this.

4. In the case of Daniels *vs.* Burnham, 2 Louisiana Reports, 244, this court remarks : " The defendant has got the property, has paid no one, and if 'not responsible to plaintiff, *is completely discharged from all responsibility.*"

In that case, the defendant ordered beef, and that plaintiff should draw upon A. B., which he did, and his bill was not paid ; the plaintiff had parted with it, and defendant contended the bill should be produced on the trial, and before a recovery from him, but the court held otherwise. With what cogency the remarks in that case apply to this : " Whenever the evidence in a case, shows that the petitioner is entitled to recover, the uniform practice of this court has been to give judgment for him, although he may have mistaken the ground on which he alleged the liability of the defendant. This is in furtherance of justice, to prevent delay and to save costs." 2 *Louisiana Reports*, 188.

5. Great strictness of pleading was required of the plaintiffs, in this cause ; but not so of the defendants or of the intervenors. Their claims are without form or substance in presentation. The owners of the boat are not made parties ; do

not answer; no issue is made up; no judgment by default, but final judgment rendered, after the plaintiffs in the cause were non-suited, and out of court. Wherefore, the whole proceeding was erroneous.

*Worthington* and *Elmore & King*, for the intervenors.

*Harrison*, for the defendants.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs' claim part of the price of a steam-boat sold to the defendants, and they allege, that as evidence of the debt thus contracted, one of the defendants gave to them drafts on the other, payable at different periods; and although the day of payment of one of them is passed, it has neither been accepted nor paid.

The defendants pleaded severally the general issue. There was a judgment of non-suit against the plaintiffs, and they appealed.

The record does not show that the bill was presented for acceptance nor for payment, until two days after the expiration of the last day of grace. It is, therefore, clear, that the plaintiffs, by neglecting to use that legal diligence which the law imposes on every holder of a bill of exchange, has lost all claims against the drawer, on whom he has now no greater right to recourse, than if the bill had been paid; unless he had alleged and proved, that the drawer had no funds in the hands of the drawee. The drawer is always presumed to have funds in the hands of the person on whom he draws, and has a right to require that the payee should present the bill for payment on the last day of grace, and on failure of payment have it protested, and legal notice given. The plaintiffs, therefore, failed to establish any claim on the bill against the drawer. They failed also to show that the drawer had any authority to purchase the boat for his co-defendant, the drawee. They were, consequently, correctly non-suited.

They had caused the boat to be sequestered, in order to secure their claim. Other claimants intervened and claimed privileges on her; she was sold, and some of those interve-

*Where a bill of exchange is not presented for acceptance, nor for payment until two days after the expiration of the last day of grace, the drawer is released, unless the holder shows that the drawee had no funds of the drawer in his hands.*

*The drawer of a bill is presumed to have funds in the hands of the drawee, and has a right to require that the payee should present it for payment on the last day of grace, and on failure of payment, to have it protested and legal notice given.*

EASTERN DIST. nors obtained judgment for the payment of their claims out
June, 1838. of the proceeds of the sale. From these judgments the

WILLIAMS & LEE plaintiffs have also appealed.
vs.
WARFIELD.                It appears to us, the plaintiffs have no right to do so.
These judgments are against the proceeds of the sale. These
proceeds were, until these judgments were rendered, the
property of the owner or owners of the boat. He or they,
Where the ven- alone, are entitled to attack these judgments.
dors of a steam-
boat take a bill      The record shows, that the plaintiffs were once the
of exchange for owners of the boat, and all their interest in it passed by their
the price, reser-
ving a privilege sale to the defendants. It is true, the plaintiffs reserved to
and mortgage themselves a privilege or mortgage for securing the pay-
on the boat, to
secure payment, ment of the bill of exchange, which they received for the
and the bill is
not paid, by the first instalment of the price. This privilege or mortgage
neglect of the
holders to use being an accessory of the debt, ceased to exist when the
legal diligence, debt itself was extinguished, by the plaintiffs' neglect to use
the mortgage,
which is but an legal diligence in regard to the bill. They are, therefore,
accessory to the
debt, is extin- without any interest in the boat, or the proceeds of the sale.
guished with it.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.